**Tommie Frank NOWLIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 47766, 47767.**

Court of Criminal Appeals of Texas.

April 3, 1974.

———◆———

Tom A. Boardman, Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted in a joint trial before a jury of rape and robbery by assault. Punishment was assessed in each case at life imprisonment. This appeal is before us wherein appellant sets forth three grounds of error. The sufficiency of the evidence is not challenged.

The State's evidence reflects that the appellant came into the Eros Book Store in Dallas on the morning of April 19th, 1972. After some time was spent examining the merchandise, appellant walked around behind the complaining witness, an employee of the store, put his arm around her throat and a gun to her back. Then appellant forced the complainant to go with him to the rear of the store where the rape occurred. After the appellant left, the complainant discovered that the money in the register and the money in her purse were missing. Appellant was subsequently identified by the complainant in a lineup, his palm print was recovered from the store, and personal possessions of the complainant were found on his person at the time of arrest and in his home subsequent to the arrest.

It is appellant's contention in his first ground of error that the prosecuting attorney commented on the appellant's failure to testify in his argument to the jury. Shortly after he opened the State's summation in the guilt-innocence phase of the case, the prosecuting attorney commented:

"The judge has just read you the law that's contained in each of these cases; you've heard the facts from the witness stand, from the various witnesses that the State of Texas has brought you.

"I'd like to point out to you that the only witness that you've heard from in this particular courtroom in these trials have been witnesses who were brought to you from the State of Texas."

Appellant complains that the second paragraph quoted is a comment by the prosecutor on the failure of the appellant to testify and as such violated rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and by Vernon's Ann. Texas Code of Criminal Procedure, Art. 38.08. Appellant's objection to the comment was overruled, as were his related motions that the jury be instructed to disregard the comment and for mistrial.

The appellant did not testify and offered no evidence at the trial, although the record reflects that witnesses subpoenaed by appellant were present at the trial.

■ The rule is well established by this Court that before an argument of the prosecution will constitute a comment on the failure of the appellant to testify, the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the appellant must be a necessary one. It is not sufficient that the language might be construed as an implied or indirect allusion. Turner v. State, 504 S.W.2d 843 (Tex.Cr.App.1974); Armstrong v. State, 502 S.W.2d 731 (Tex.Cr.App.1973); Ramos v. State, 419 S.W.2d 359 (Tex.Cr. App.1967); Richardson v. State, 172 Tex. Cr.R. 299, 356 S.W.2d 676 (1962).

■ For indirect comments such as this to constitute reversible error they must call for a denial of an assertion of fact or contradictory evidence that only the appellant is in a position to offer.

In Mowery v. State, 140 Tex.Cr.R. 657, 146 S.W.2d 988 (1941), the prosecution argued in a rape case:

"It is not shown in this record anywhere a contradiction as to the commission of the act."

This statement was properly held to be error since no one was in a position to contradict the testimony, with regard to the act of intercourse, but the appellant. Likewise, in Grimes v. State, 100 Tex.Cr. R. 34, 271 S.W. 898 (1925) it was error for the prosecution to argue the jury should accept as true the testimony of the prosecuting witness because:

". . . the defendant produced no witness that the same or any part of her statements, in which she testified that she met defendant down in a ditch some 200 or 300 yards off her road, and that she there had an act of intercourse with said defendant, and that the jury should believe the same because it stood uncontradicted . . . ."

See also Tucker v. State, 10 S.W.2d 565 (Tex.Cr.App.1928).

■ However, if the language used can reasonably be construed as referring to the appellant's failure to produce other testimony than his own, it is not improper.

In Bolden v. State, 504 S.W.2d 418 (Tex.Cr.App.1974) the prosecution argued:

"He could have had a witness here to testify about alibi or any other thing that would explain the possession of the copper and he did not. He presented no evidence of any type whatsoever."

This Court held the implication to appellant's failure to testify was not a necessary one since other evidence would reasonably be available for his defense.

In Wood v. State, 374 S.W.2d 896, 898 (Tex.Cr.App.1964), the prosecution argued in language almost identical to the instant case. The appellant was charged with assault with intent to murder one of his small children. The prosecution stated:

"As you have noticed, the only witnesses in this case were put on by the State . . . ."

The court held there was no error since under the facts in the record the wife of appellant was in a position to testify to the child's injuries.

In Curlin v. State, 500 S.W.2d 141, 143 (Tex.Cr.App.1973), the appellant was charged with robbery by firearms. The prosecution argued the jury did not hear "one witness say that he (appellant) didn't (commit the robbery) except Linda Williams . . . ." Again the court held the argument could be reasonably construed as referring to appellant's failure to produce other testimony than his own, under the facts of the case, and therefore it was not improper.

In the instant case, the prosecution was attempting to begin his summary of the evidence in both the rape and the robbery charges. The prosecution did not refer to

any particular aspect of the rape or the robbery that could be controverted only by the appellant. Obviously, other evidence might have been offered in the trial.

Where there is other possible evidence than the appellant's testimony, as in this case, to which the remarks may reasonably have applied, then under the above cited authorities it is not improper. We cannot conclude the language used was manifestly intended or was of such a character that the jury would naturally and *necessarily* take it to be a comment on the failure of the defendant to testify.

The appellant's first ground of error is overruled.

In his second ground of error, appellant again alleges error in the prosecution's argument to the jury. The prosecutor stated:

"She (the prosecutrix) told you exactly on the stand what she told Mr. Boardman in my office, and the reason why . . . ."

■ The appellant complains that the argument is reversible error because it is outside the record and improper bolstering of the complaining witness.

However, the record clearly indicates this argument was invited by appellant in his argument as well as in cross-examination of the complainant where he attempted to impeach the witness by use of notes he had taken during the interview with the complainant in the District Attorney's office.

Appellant cannot be heard to complain that the prosecution improperly argued from evidence developed and submitted by the appellant himself. Hefley v. State, 489 S.W.2d 115 (Tex.Cr.App.1973); Sennette v. State, 481 S.W.2d 827 (Tex.Cr.App. 1972).

Appellant's second ground of error is overruled.

■ In appellant's third ground of error he contends that the court erred in refusing to admit relevant and material evidence concerning the manager of the Eros Book Store, Richard Duncan. Evidence was brought forward by appellant that the police were first furnished appellant's name in connection with these offenses by Richard Duncan. It was subsequent to this that appellant was placed in a lineup and identified by the complainant. The information from Duncan was the only evidence the police had that connected appellant with the crimes prior to the lineup.

The appellant made an offer of proof in regard to evidence showing a possible bias that Duncan had against appellant. A police officer testified that Richard Duncan was arrested in 1972 for possession of marihuana. The officer further testified that he was given the information that led to the arrest by Tommie Frank Nowlin, the appellant. The trial court sustained the State's motion to exclude on the basis of immateriality of the evidence.

Appellant argues that such evidence was admissible to show bias on the part of Duncan in giving information which led to appellant's arrest and subsequent identification at the lineup. Appellant contends this bias tainted the identification that occurred at the lineup and in court.

Prior to admitting the in-court identification the trial judge conducted a separate hearing as recommended in Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App.1969), and thereafter filed written findings of fact and conclusions of law. He concluded that the complainant had an ample opportunity to observe the appellant at the time of the offense, the appellant did not make any effort to conceal his facial features, and that there is no evidence that the complainant failed to identify the appellant at any prior time, meaning at the time she

was shown photographs of suspects and at the lineup. Further, there was no evidence that either the pictures were shown or the lineup was conducted under circumstances or conditions which were unnecessarily suggestive and conducive to irreparably mistaken identity which would be a denial of due process based upon the totality of circumstances surrounding the crime.

We agree with the trial court's findings that the pre-trial identification was not impermissibly suggestive and further that the in-court identification of the appellant was based upon independent observations at the time of the offense. Therefore, no error is shown. Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); Dorsey v. State, 485 S.W.2d 569 (Tex.Cr.App.1972); Moore v. State, 440 S.W.2d 643 (Tex.Cr.App.1969).

We would further state that the animus motive or ill will of a prosecuting witness is always a relevant inquiry and may be shown by the appellant himself or other witnesses if necessary in order to impeach the witness for interest or bias. However, here, Richard Duncan did not testify, and there was no showing that the complainant had knowledge of the prior transaction between Duncan and the appellant or that Duncan attempted to influence the complainant in any manner. Absent such a showing the evidence offered by appellant was not relevant, and we find no error in its exclusion. Lee v. State, 167 Tex.Cr.R. 555, 321 S.W.2d 577 (1959); Armstrong v. State, 95 Tex.Cr.R. 107, 252 S.W. 777 (1923).

Appellant's third ground of error is overruled.

The judgments are affirmed.

ROBERTS and ODOM, JJ., concur in the result.

Opinion approved by the Court.