Richard Dean PAULSEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 09-87-220-CR.

Court of Appeals of Texas,
Beaumont.

Dec. 14, 1988.

Rehearing Denied Jan. 4, 1989.

William E. Hall, Jr., Conroe, for appellant.

Wilbur Aylor, Tomball, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury for aggravated sexual assault of his step-daughter, and the jury assessed punishment at nine years in the Texas Department of Corrections and a fine of $5,000. Appeal has been perfected to this court "on two basic categories of error: 1) Erroneous evidentiary rulings by the Trial Court and, 2) Ineffective assistance of counsel."

### Evidentiary Rulings

■ Dr. Boschma, a witness for the State who had treated the child victim, was permitted to testify to statements made to him by the victim and her mother relating to her ailments, diagnosis and treatment. The contention is made that this testimony is hearsay. *TEX.R.CRIM.EVID. 803* provides in pertinent part:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

\* \* \* \* \* \*

"(4) Statements for purposes of medical diagnosis or treatment. Statements made for purposes of medical diagnosis or treatment and describing medical history, or pastor present symptoms, pain, or sensations, or the inception or general character of the cause or external source

thereof insofar as reasonably pertinent to diagnosis or treatment."

This testimony, then, was admissible.

■ Next, Appellant urges that the trial court erred in failing to sustain his hearsay objection to the testimony of Mrs. Parrot, the grandmother of the victim. During the trial, Appellant called his mother, Mrs. Paulsel, to testify. Mrs. Paulsel, in general, denied her son had had sexual relations with his stepdaughter. She told about a telephone conversation with Mrs. Parrot about her son's sexual involvement with the child, but denied that she asked the child's other grandmother not to press charges against Appellant. The State, in rebuttal, called Mrs. Parrot to the stand. She testified that, in the telephone conversation, Mrs. Paulsel "asked if we would not report this to the police ... that she would see that [Appellant] got help, professional help." This testimony was admissible as impeachment testimony. *TEX.R.CRIM. EVID. 806.*

■ Appellant also contends the trial court erred in allowing the State to elicit evidence of an extraneous offense from Mrs. Paulsel and Mrs. Parrot. The evidence complained of was of an alleged prior sexual assault by Appellant on his granddaughter in 1981. In *Boutwell v. State,* 719 S.W.2d 164 (Tex.Crim.App.1985), the Court of Criminal Appeals held that instances of sexual abuse other than those which are alleged in the indictment are admissible provided they occurred between the defendant and the complaining victim, and not a third party. All of Appellant's points of error on evidentiary rulings are overruled.

### Ineffective Assistance of Counsel

■ Next, Appellant lists some twenty instances in which he contends the leading trial counsel was ineffective. The weakness of this position is that the attorney who signed Appellant's brief also participated in the trial and sat at the table with the attorney he now contends was ineffective. While we have found no authority making this an exception to the general rules of ineffectiveness of counsel, we be-

lieve it should be. For, the attorney making such complaint could and should point out the proper conduct to his co-counsel, and even the court for that matter. These points are overruled.

The judgment of the trial court is affirmed.

AFFIRMED.