Richard Dean **PAULSEL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 097–89.

Court of Criminal Appeals of Texas, En Banc.

Feb. 7, 1990.

---

William E. Hall, Jr., George E. Renneberg, Conroe, for appellant.

Peter C. Speers, III, Dist. Atty. & Thomas D. Glenn, Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

A jury convicted appellant for aggravated sexual assault of his stepdaughter and assessed punishment at nine years confinement in the Texas Department of Corrections and a fine of $5,000. The Beaumont Court of Appeals affirmed the conviction in a published opinion. *Paulsel v. State*, 763 S.W.2d 464, 465 (Tex.App.—Beaumont 1988).

We granted appellant's petition for discretionary review to consider whether appellant received ineffective assistance of counsel at trial.

The Beaumont Court of Appeals did not address appellant's ineffective assistance claim. The court pointed out that appellant listed "some twenty instances in which he contend[ed] the leading trial counsel was ineffective." *Paulsel*, 763 S.W.2d at 465. The Court of Appeals, however, bypassed analysis of appellant's point of error stating:

"The weakness of this position is that the attorney who signed Appellant's brief also participated in the trial and sat at the table with the attorney he now contends was ineffective. While we *have found no authority making this an exception to the general rules of ineffectiveness of counsel*, we believe it should be. For, the attorney making such complaint could and should point out the proper conduct to his co-counsel, and even the court for that matter." *Paulsel*, 763 S.W.2d at 465. (emphasis added).

The Court of Appeals failed to conduct the proper analysis for ineffective assistance of counsel. See *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Butler v. State*, 716 S.W.2d 48, 54 (Tex.Cr.App.1986).

We vacate the judgment of the Court of Appeals and remand in order that it may address appellant's claim under *Strickland.*