TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00414-CR







Troy Hyatt, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8038, HONORABLE HAROLD R. TOWSLEE, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of two counts of sexual assault. Act of May 29,
1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5311, 5312 amended by Act of May
27, 1991, 72d Leg., R.S., ch. 662, § 1, 1991 Tex. Gen. Laws 2412 (Tex. Penal Code Ann.
§ 22.011(a)(2)(B), (C), since amended). Punishment was assessed at imprisonment for ten years
but, on the jury's recommendation, imposition of sentence was suspended and appellant was
placed on community supervision.

 The complaining witness was a fourteen-year-old girl who regularly baby-sat for
appellant's two children. On the night of October 10, 1993, when driving the complainant home,
appellant stopped in a remote area where he caused the girl to participate in cunnilingus and
fellatio.

 In twelve points of error, appellant asserts that his counsel at trial was ineffective. 
The State argues that appellant should be foreclosed from raising these points of error because his
counsel on appeal was his co-counsel at trial. This argument has been rejected by the Court of
Criminal Appeals. Paulsel v. State, 784 S.W.2d 417, 418 (Tex. Crim. App. 1990). The
effectiveness of trial counsel issue is properly before us.

 To prevail on a claim of ineffective assistance of counsel at the guilt stage, an
appellant must show that counsel made such serious errors that he was not functioning effectively
as counsel and that these errors prejudiced the appellant's defense to such a degree that he was
deprived of a fair trial. Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726
S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore v. State, 694 S.W.2d 528, 531 (Tex.
Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). 
In reviewing a claim of ineffective assistance, we must indulge a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance. Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). The same standards are used to judge ineffective
assistance claims under both federal and state law. Hernandez, 726 S.W.2d at 56-57.

 In points of error one and two, appellant contends his trial counsel was ineffective
because he failed to properly object to "prosecutorial misconduct." The alleged misconduct
occurred during the testimony of the complainant's mother. The prosecutor asked her if the
complainant had asked appellant to stop what he was doing. The witness said that the complainant
told her that she had done so. Counsel's objections to these questions as leading and calling for
hearsay were sustained, but he did not ask for instructions to disregard the witness's answers. 
Appellant urges that this line of questioning was improper because consent was not an issue and
served only to unfairly prejudice him.

 While we agree with appellant that lack of consent was not an element of the
offense charged, we believe the State was entitled to adduce evidence on that point as a
circumstance of the offense. Moreover, the questions asked, even if they were objectionable, did
not rise to the level of prosecutorial misconduct. Counsel's failure to obtain adverse rulings on
the objections he did voice did not, in the context of the entire trial, constitute ineffectiveness. 

 In points of error three, four, five, and six, appellant complains of counsel's failure
to object to attacks on defense counsel during the prosecutor's argument at the guilt stage. One
of the statements to which appellant refers was, "[A] rape occurred on the 10th of October. Now
unfortunately there weren't any witnesses to that, but you saw another rape occur, and it occurred
in this courtroom and that little girl was assaulted by those lawyers, and that family was assaulted
by those lawyers, but this time there were twelve witnesses because you saw that rape." During
the same argument, the prosecutor said, "He [defense counsel] characterizes this young lady and
her family in such a way as to just assassinate their character. . . . And where is the evidence of
that? There is no evidence of that. The only evidence of that, that's in this courtroom today,
that's been here this week, is the poison that has dripped off of his lips in assassinating everyone."

 The State argues that the prosecutor's remarks were merely a response to defense
counsel's argument, in which he vigorously attacked the credibility of the complainant and her
mother, the investigating officer, and the State's expert witness. We believe, however, that
referring to defense counsel's argument as "rape" and "poison that has dripped off of his lips" was
outside the permissible scope of reply. This does not mean, however, that counsel's failure to
object to the prosecutor's remarks constituted ineffectiveness. Counsel may have believed that,
as a tactical matter, it was better not to interrupt the prosecutor's argument with repeated
objections. In the absence of evidence to the contrary, we must presume that counsel was
exercising reasonable professional judgment when he failed to object to the prosecutor's
arguments.

 Next, in points of error seven and eight, appellant complains of trial counsel's
failure to object to what appellant urges were two comments by the prosecutor on his failure to
testify. Appellant first refers us to this statement by the prosecutor during argument: "Now where
did this stuff come from on [appellant being] a loving and considerate father and husband? 
Someone that's involved in the community. It came from his [counsel's] lips." Later, referring
to persons encountered by appellant and the complainant on the night in question, the prosecutor
argued, "And this stuff about people on the motorcycles . . . [a]nd the guys in the car. Well, he
[appellant] got out of the car, he's the one that got the license plate numbers. Maybe we should
ask him to find them."

 Neither remark was manifestly intended or of such a character that the jury would
naturally and necessarily take it to be a comment on appellant's failure to testify. Banks v. State,
643 S.W.2d 129, 134 (Tex. Crim. App. 1982). A prosecutor may refer to the defendant's failure
to produce testimony from sources other than himself. Nowlin v. State, 507 S.W.2d 534, 536
(Tex. Crim. App. 1974). Counsel's failure to object to the prosecutor's remarks as comments on
appellant's failure to testify was not, on this record, the product of ineffectiveness.

 In appellant's last four points of error, he contends his counsel at trial should have
objected to the prosecutor's repeated use of the word "rape" in describing the charged offense
during argument. Appellant argues that referring to the offense as "rape" rather than as "sexual
assault" constituted a misstatement of the law and was an attempt by the prosecutor to poison the
minds of the jurors with the unpleasant images associated with the word. But assuming that the
prosecutor's use of the word "rape" was subject to objection for the reasons stated, we again find
no evidence that counsel's failure to object was not a conscious tactical decision based on
reasonable professional judgment.

 In reviewing an ineffective assistance claim, a reviewing court must consider
counsel's performance as a whole. Moore, 694 S.W.2d at 531. The record before us reflects a
vigorous and effective defense in a difficult case. While counsel did not secure an acquittal for
his client, the effectiveness of his efforts is reflected, we believe, in the punishment assessed by
the jury.

 Points of error one through twelve are overruled and the judgment of conviction
is affirmed.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: December 6, 1995

Do Not Publish



 defense counsel during the prosecutor's argument at the guilt stage. One
of the statements to which appellant refers was, "[A] rape occurred on the 10th of October. Now
unfortunately there weren't any witnesses to that, but you saw another rape occur, and it occurred
in this courtroom and that little girl was assaulted by those lawyers, and that family was assaulted
by those lawyers, but this time there were twelve witnesses because you saw that rape." During
the same argument, the prosecutor said, "He [defense counsel] characterizes this young lady and
her family in such a way as to just assassinate their character. . . . And where is the evidence of
that? There is no evidence of that. The only evidence of that, that's in this courtroom today,
that's been here this week, is the poison that has dripped off of his lips in assassinating everyone."

 The State argues that the prosecutor's remarks were merely a response to defense
counsel's argument, in which he vigorously attacked the credibility of the complainant and her
mother, the investigating officer, and the State's expert witness. We believe, however, that
referring to defense counsel's argument as "rape" and "poison that has dripped off of his lips" was
outside the permissible scope of reply. This does not mean, however, that counsel's failure to
object to the prosecutor's remarks constituted ineffectiveness. Counsel may have believed that,
as a tactical matter, it was better not to interrupt the prosecutor's argument with repeated
objections. In the absence of evidence to the contrary, we must presume that counsel was
exercising reasonable professional judgment when he failed to object to the prosecutor's
arguments.

 Next, in points of error seven and eight, appellant complains of trial counsel's
failure to object to what appellant urges were two comments by the prosecutor on his failure to
testify. Appellant first refers us to this statement by the prosecutor during argument: "Now where
did this stuff come from on [appellant being] a loving and considerate father and husband? 
Someone that's involved in the community. It came from his [counsel's] lips." Later, referring
to persons encountered by appellant and the complainant on the night in question, the prosecutor
argued, "And this stuff about people on the motorcycles . . . [a]nd the guys in the car. Well, he
[appellant] got out of the car, he's the one that got the license plate numbers. Maybe we should
ask him to find them."

 Neither remark was manifestly intended or of such a character that the jury would
naturally and necessarily take it to be a comment on appellant's failure to testify. Banks v. State,
643 S.W.2d 129, 134 (Tex. Crim. App. 1982). A prosecutor may refer to the defendant's failure
to produce testimony from sources other than himself. Nowlin v. State, 507 S.W.2d 534, 536
(Tex. Crim. App. 1974). Counsel's failure to object to the prosecutor's remarks as comments on
appellant's failure to testify was not, on this record, the product of ineffectiveness.

 In appellant's last four points of error, he contends his counsel at trial should have
objected to the prosecutor's repeated use of the word "rape" in describing the charged offense
during argument. Appellant argues that referring to the offense as "rape" rather than as "sexual
assault" constituted a misstatement of the law and was an attempt by the prosecutor to poison the
minds of the jurors with the unpleasant images associated with the word. But assuming that the
prosecutor's use of the word "rape" was subject to objection for the reasons stated, we again find
no evidence that counsel's failure to object was not a conscious tactical decision based on
reasonable professional judgment.

 In reviewing an ineffective assistance claim, a reviewing court must consider
counsel's performance as a whole. Moore, 694 S.W.2d at 531. The record before us reflects a
vigorous and effective defense in a difficult case. While counsel did not secure an acquittal for
his client, the effectiveness of his efforts is reflected, we believe, in the punishment assessed by
the jury.

 Points of error o