# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00074-CR

**Michael Anderson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 0991669, HONORABLE TOM BLACKWELL, JUDGE PRESIDING

A jury found Michael Anderson, appellant, guilty of indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11(a)(1) (West Supp. 2001). The district court assessed punishment at ten years' confinement in the Texas Department of Criminal Justice Institutional Division. Appellant seeks reversal and remand, raising four points of error. We will affirm.

### BACKGROUND

Appellant does not challenge sufficiency of the evidence; however, a brief summary of the evidence will provide context for the discussion of appellant's points of error.

According to trial testimony, appellant and the complainant's mother, Tonya, were involved in a romantic relationship. On the night in question, November 18, 1998, Tonya invited appellant to her apartment to spend the night. The couple retired to the bedroom and the fifteen year-

old complainant, who was feeling ill, took some NyQuil prior to falling asleep on a couch in the living room. Later that evening, the complainant awoke when she felt fingers inside her vagina. She sat up and discovered appellant sitting next to her, naked, with his hands in her underpants. Without comment, appellant quickly stood up and returned to Tonya's bedroom.

A few minutes later, Tonya emerged from the bedroom after hearing noise in the living room. She noticed that the complainant was upset and asked her what was wrong. The complainant told her mother that appellant had touched her. Tonya went back to the bedroom, where she confronted appellant. From the living room, the complainant heard appellant deny the allegation and accuse complainant of lying. The complainant became angry, obtained a knife from the kitchen, and attempted to chase appellant from the home. Tonya restrained the complainant and appellant ran out of the apartment. Tonya contacted a security guard, who later returned with appellant. The police arrived shortly thereafter.

Appellant was indicted on or about May 6, 1999, for sexual assault of a child and indecency with a child by contact. For penalty enhancement purposes, the indictment also alleged that appellant had previously been convicted of possession of a controlled substance, a felony offense, on February 8, 1995.

At trial, the State's witnesses were the complainant, Tonya, and two police officers who were called to the scene. The defense called an expert witness who testified that it was possible the complainant imagined the incident. Appellant did not testify. Appellant's defense at trial was that the event alleged by the complainant did not occur and he was innocent of the charges.

2

Although the jury acquitted appellant of the sexual assault charge, it found appellant guilty of indecency with a child by contact. Appellant elected to have the trial judge set punishment. The district court assessed appellant's punishment at ten years' confinement in the Texas Department of Criminal Justice Institutional Division.

Appellant's four points of error contend that (1) the judgment does not accurately reflect events during the penalty phase of appellant's trial; (2) the State violated appellant's rights by commenting on his failure to testify; (3) the indictment alleges an impossible date; and (4) trial counsel rendered ineffective assistance of counsel.

## DISCUSSION

### *Judgment*

Appellant's first point of error argues that the judgment does not accurately reflect events during the penalty phase of appellant's trial. The judgment recites that appellant pled "true" to a previous conviction alleged for enhancement, and that the trial judge found the allegation to be true. In contrast, the reporter's record of the sentencing hearing contains no plea and no findings regarding the enhancement paragraph. Based on this discrepancy, appellant asks this Court to modify the district court's judgment by deleting appellant's plea of "true" to the enhancement paragraph and the district court's finding of "true." *See* Tex. R. App. P. 43.2(b).

When the judge serves as the trier of fact during the punishment phase of the trial, it is not necessary for the enhancement paragraph to be read or for the appellant to plead to it. *Reed v. State*, 500 S.W.2d 497, 499-500 (Tex. Crim. App. 1973); *Davis v. State*, 970 S.W.2d 747, 749-50 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *Simms v. State*, 848 S.W.2d 754, 755 (Tex.

App.—Houston [1st Dist.] 1993, pet. ref'd). *See also Tiudel v. State*, 830 S.W.2d 135, 136 (Tex. Crim. App. 1992). Appellant waived the reading of the indictment, and the judge asked if this was because he understood the charges. Appellant nodded his head in the affirmative. Later, during a discussion on motions, defense counsel stated he *had no objection to the extraneous offenses for punishment*, as long as they were not introduced in the case-in-chief. Lastly, during the penalty phase, when the prosecutor asked the court to consider the prior conviction, the defense counsel made the comment, "I think the fact that he has a prior conviction has already been taken into consideration; that's the reason we're starting at five years instead of two."

There is ample evidence to prove the previous conviction and appellant does not argue otherwise. Without direct proof to the contrary, the recitations in a formal judgment are presumed to be correct. *Breazeale v. State*, 683 S.W.2d 446, 450-51 (Tex. Crim. App. 1985). The first point of error is overruled.

### Comment on Failure to Testify

Appellant contends that the district court erred in allowing the state's counsel to comment on appellant's failure to testify. During closing arguments, one of the prosecutors made the following statement:

> Now, as the Charge tells you, you are the exclusive judges of the credibility of the witnesses in this case. You can believe all of what somebody says, none of what somebody says, or some of what somebody says. *And who did you hear from in this case?* Well, it's undisputed, that is, there is no evidence contrary in this case that on or about November 18, 1999, [the complainant] was in her home. It's undisputed. There's also no dispute that [the complainant's address] is in Austin, Travis County, Texas. That's undisputed. There's no dispute that [the complainant] is the person who is the victim named in the indictment. There is no dispute that

4

Michael Anderson is the defendant named in the indictment. In fact, [the complainant] identified him; Tonya identified him. There is no dispute that Michael Anderson and Tonya were dating and that they were in her bedroom at some point during that night. There's no dispute that [the complainant] was on the couch. There's no dispute that Michael Anderson was standing in front of [the complainant] naked.

(Emphasis added.) Appellant argues that the phrase, "And who did you hear from in this case," is a reference to his failure to testify and thus is in violation of his right to remain silent under the Fifth Amendment to the United States Constitution, section 10 of article I of the Texas Constitution, and article 38.08 of the Texas Code of Criminal Procedure.

There was no objection to the prosecutor's argument. An appellant forfeits his right to raise an argument on appeal if he failed to object to a jury argument or pursue an adverse ruling during trial. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). The alleged error was not preserved for appeal.

Even if the objection had been preserved, the argument was not improper because when taken in context, the prosecutor's comment does not constitute even an indirect comment on appellant's failure to testify. *See Nowlin v. State*, 507 S.W.2d 534, 537 (Tex. Crim. App. 1974). In this case, the prosecutor was referring to evidence that could have been supplied by parties other than the appellant, including Tonya, the security guard, or the police officers. The prosecutor did not comment on the challenged portions of the case. The prosecutor's statements referred only to undisputed physical facts that had no relation to appellant's defense at trial. There is nothing appellant could have testified to that would contradict these points. Appellant's defense was not that

5

he was somewhere other than at the complainant's home on the night alleged, but rather that the specific incident never occurred.

The second point of error is overruled.

*Indictment*

Appellant challenges the district court's jurisdiction because he claims that the indictment alleges an impossible date. *See* Tex. Code Crim. Proc. Ann. art. 21.02(6) (West 1989). Appellant was charged with indecency with a child on November 18, 199<u>8</u>. According to the reporter's record, the prosecutor stated in open court that the indictment was handed down May 6, 199<u>1</u>—more than seven years *prior* to the offense. However, the indictment appears in the clerk's record and is file stamped May 6, 199<u>9</u>. The incorrect date in the reporter's record was simply due to a transcription error or the prosecutor's slip of the tongue. The third point of error is overruled.

*Ineffective Assistance of Counsel*

Appellant's fourth point of error raises the issue of ineffective assistance of counsel. Appellant alleges the defense counsel at trial was ineffective in three areas: (1) he did not object to the prosecutors or witnesses referring to the complainant as "the victim"; (2) he did not challenge for cause any venirepersons who had personal experience with abuse, and allowed one juror who had been abused to serve on the jury; and (3) he did not object to the prosecutor's alleged comment on appellant's failure to testify.

In determining whether counsel's actions constitute ineffective assistance under the Sixth Amendment to the United States Constitution, the relevant test is found in *Strickland v. Washington,* 466 U.S. 668, 687 (1984), which was first adopted by the Texas Court of Criminal

6

Appeals in *Hernandez v. Texas*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). This test requires that a court first determine if the attorney provided reasonably effective assistance. *Hernandez*, 726 S.W.2d at 55; *see also Chuong Duong Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000); *Thompson v. State*, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999); *Young v. State*, 991 S.W.2d 835, 837 (Tex. Crim. App. 1999). This determination requires some evidence regarding the defense attorney's strategy, such as testimony during a motion for a new trial, or we must presume the attorney made his decisions reasonably. *Thompson v. State*, 9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999); *Jackson,* 877 S.W.2d at 772-73 (Baird, J., concurring). It is not up to this Court to second guess the defense attorney's trial strategy. *See Johnson v. State*, 629 S.W.2d 731, 737 (Tex. Crim. App. 1981). Instead, we must try to view the case from counsel's view at the time, rather than indulge in the distorting effects of hindsight. *Strickland,* 466 U.S. at 689; *Ex parte Kunkle*, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993). If it is determined that the defense attorney did not provide reasonably effective assistance, the court must then decide if the error resulted in reversible error or prejudice. *Hernandez*, 726 S.W.2d at 55; *see also Chuong Duong Tong*, 25 S.W.3d at 712; *Thompson*, 9 S.W.3d at 812-13; *Young v. State*, 991 S.W.2d at 837.

### A. *"Victim" Language*

Appellant refers to eight occasions when defense counsel did not object to use of the term "victim." He argues that failure to object to use of this term was not a reasonable trial strategy and prejudiced appellant's fundamental and substantial right to be presumed innocent.

There is a strong presumption that any actions taken by a defense attorney were made as sound trial strategy. *Strickland,* 466 U.S. at 689; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.

Crim. App. 1994); *Mayhue v. State*, 969 S.W.2d 503, 510 (Tex. App.—Austin 1998, no pet.). The appellant has the burden of overcoming this presumption. *Jackson,* 877 S.W.2d at 771; *Gutierrez v. State*, 8 S.W.3d 739, 749 (Tex. App.—Austin 1999, no pet.); *Mayhue*, 969 S.W.2d at 510. "Victim" is quite mild compared to other terms used by prosecutors in their comments to the jury, which the courts have found non-prejudicial. *Lopez v. State*, 286 S.W.2d 424, 425 (Tex. Crim. App. 1956) (holding that use of word "slaughter" did not cause injury to appellant); *Espalin v. State*, 237 S.W. 274, 279 (Tex. Crim. App. 1921) (holding prosecutor's reference to appellant as "this killer" was not so prejudicial as to injure appellant's rights); *Jones v. State*, 900 S.W.2d 392, 397 (Tex. App.—San Antonio 1995, pet. ref'd) (holding that prosecutor's use of term "sex slave" in regard to complainant was not reversible error); *White v. State*, 699 S.W.2d 607, 615 (Tex. App.—Dallas 1985, pet. ref'd) (holding that use of word "butcher" in reference to appellant was not improper).

Failure to object to the term "victim" may have been an intentional choice not to draw the jury's attention to its use. At best, the defense attorney at trial could have requested use of the term "alleged victim"; however, it is unlikely he would have succeeded or that this would have had a different effect on the jury. Therefore, failure to object did not constitute ineffective assistance of counsel.

**B.** *Voir Dire*

During voir dire, the prosecutor asked: "Is anybody either themselves or a relative or someone close to them been a victim of child abuse?" Four venirepersons raised their hands. Of these four, two were peremptorily stricken by the defense attorney without discussion; one was peremptorily stricken after discussion; and the fourth was not stricken and became a member of the

8

jury. Appellant alleges his attorney should have attempted to challenge the first three venirepersons for cause, rather than using peremptory strikes, and that the juror who served should have been challenged for cause, or at a minimum struck peremptorily. Appellant believes that these actions did not constitute reasonable trial strategy and that they resulted in a prejudicial jury.

Without a record regarding the defense attorney's trial strategy, it is presumed counsel used reasonable judgment during voir dire. *Jackson*, 877 S.W.2d at 771; *Delrio v. State*, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). There was no motion for new trial, no hearing, and no affidavit from defense counsel. Therefore, the record is completely silent regarding trial strategy. Without some evidence regarding the defense attorney's strategy, such as testimony during a motion for a new trial, we must presume the attorney made his decisions regarding jury members reasonably. *Thompson v. State*, 9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999); *Jackson,* 877 S.W.2d at 772-73 (Baird, J., concurring). We cannot second guess the defense attorney's trial strategy and declare that defense counsel's failure to challenge for cause was not sound trial strategy; nor can we say, in the absence of testimony to the contrary, that defense counsel's decision to keep the complained of venireperson on the jury was not sound trial strategy.

Even if defense counsel had challenged the first three venirepersons for cause rather than using peremptory strikes, appellant has failed to show that this would have changed the outcome of the trial. *See Alfano v. State*, 780 S.W.2d 494, 496 (Tex. App.—Corpus Christi 1989, no pet.). Appellant has not argued that the defense ran out of peremptory strikes, such that counsel could have obtained different or more favorable jurors if he had challenged the first three panelists for cause. As for not striking for cause the venireperson who served on the jury, she did not unequivocally say she

9

was unable to be impartial. When asked if past abuse would prevent her from rendering a fair decision, she responded: "Maybe . . . the older child thing could." Thus, the defense counsel may have had some reason to believe she could be helpful to appellant as a juror.

### C. *Comment on Appellant's Failure to Testify*

Appellant's final argument regarding ineffective assistance of counsel is related to the second point of error. He argues that the defense attorney's failure to object to the prosecutor's comment during closing argument, "And who did you hear from in this case," was an unreasonable action resulting in prejudice. As previously concluded, when considered in context, the comment did not refer to appellant's failure to testify, but to a lack of controverting testimony from individuals other than the appellant. *See Nowlin*, 507 S.W.2d at 537; *see also Patrick v. State*, 906 S.W.2d 481, 490-91 (Tex. Crim. App. 1995). The statement merely introduced the prosecutor's appropriate review of the testimony given and the uncontroverted events leading up to the alleged complaint. Defense counsel's failure to object to this comment may reflect his understanding of this fact. Even if he did believe it was in reference to the appellant's failure to testify, he may have chosen not to object because doing so would have called the jury's attention to the lack of testimony by the appellant more than the comment itself. In either event, as we have concluded that the comment was not a reference to appellant's failure to testify, defense counsel's failure to object is not ineffective assistance of counsel. *See Richards v. State*, 912 S.W.2d 374, 383 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd); *see also Ladd v. State*, 3 S.W.3d 547, 569 (Tex. Crim. App. 1999).

The fourth point of error is overruled.

## CONCLUSION

Having overruled each of appellant's points of error, we affirm the judgment of conviction and sentence.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   June 14, 2001

Do Not Publish

11