In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00017-CR


______________________________




PATRICK LEE WALKER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 34851-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Patrick Lee Walker has appealed from his open plea of guilty to the offense of theft over
$1,500.00. He was sentenced by the trial court to one year's confinement.

 On appeal, Walker contends that his sentence is disproportionate to the crime and violates
societal norms, thus violating the Eighth Amendment, citing Kennedy v. Louisiana, ___ U.S. ___,
128 S.Ct. 2641 (2008). To preserve such complaint for appellate review, Walker must have
presented to the trial court a timely request, objection, or motion that stated the specific grounds for
the desired ruling, or the complaint must be apparent from the context. See Tex. R. App. P.
33.1(a)(1); Harrison v. State, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005); Williams v. State, 191
S.W.3d 242, 262 (Tex. App.--Austin 2006, no pet.) (claims of cruel and unusual punishment must
be presented in timely manner); Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.--Houston [14th
Dist.] 2001, pet. ref'd) (failure to complain to trial court that sentences were cruel and unusual
waived claim of error for appellate review). We have reviewed the record of the trial proceeding. 
No relevant request, objection, or motion was made. And, while this Court has held that a motion
for new trial is an appropriate way to preserve this type of claim for review (see Williamson v. State,
175 S.W.3d 522, 523-24 (Tex. App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904
(Tex. App.--Texarkana 2005, no pet.)), Walker's motion for new trial did not contain an allegation
that the sentence was disproportionate to the offense. He has not preserved such an issue for appeal.


 Therefore, we affirm the trial court's judgment.


 Jack Carter

 Justice


Date Submitted: August 28, 2008

Date Decided: August 29, 2008


Do Not Publish





e. Sanders replied, "Tell them Joe was
driving," apparently referring to the acquaintance with whom he had come to the parlor on their first
visit several hours earlier. During closing argument, the prosecutor pointed out that the defense
could have subpoenaed Joe to testify if in fact he had been the one driving, and the defense had failed
to do so. Sanders objected that this argument "goes to the burden of proof" of which the defense has
none, and the trial court overruled the objection. This was not improper argument. 

 Counsel are permitted to argue logical inferences that arise from a party's failure to produce
evidence that is shown to exist. See 43 George E. Dix & Robert O. Dawson, Texas Practice: 
Criminal Practice and Procedure § 37.23 at 617 (2d ed. 2001). Such argument is permissible
if it does not invite the jury to speculate why the defendant failed to testify. See id. The evidence
introduced here suggested that Sanders' excuse to the parlor owner and to the officers was that
another person was driving. It was thus permissible for the prosecutor to argue that if this excuse
were true, the defense would have called the person who could verify that excuse. These remarks
neither shifted the burden of proof nor commented on Sanders' failure to testify.

 We note that the result would be different if the prosecutor had made a comment that called
for the denial of an assertion of fact or contradictory evidence that only Sanders was personally able
to offer. See Nowlin v. State, 507 S.W.2d 534, 536 (Tex. Crim. App. 1974). In our case, however,
the language used clearly referred to the defense's failure to produce testimony other than from
Sanders personally. Such argument is not improper. Id. at 536. The objection was properly
overruled and the judgment is affirmed.


 William J. Cornelius

 Chief Justice


Date Submitted: April 11, 2002

Date Decided: April 18, 2002


Publish