ACCEPTED
13-14-00684-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/31/2015 8:02:05 AM
DORIAN RAMIREZ
CLERK

## NO. 13-14-00684-CR

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF
TEXAS
AT CORPUS CHRISTI

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
3/31/2015 8:02:05 AM
DORIAN E. RAMIREZ
Clerk

### EUGENIO VALDEZ,
#### Appellant,

#### v.

### THE STATE OF TEXAS,
#### Appellee.

On Appeal from the
377th Judicial District Court
Of Victoria County, Texas
Cause No. 14-04-27914-D

## FIRST AMENDED BRIEF FOR THE STATE OF TEXAS

### STEPHEN B. TYLER
Criminal District Attorney
Victoria County, Texas

### BRENDAN WYATT GUY
Assistant Criminal District Attorney
Victoria County, Texas
205 N. Bridge St. Ste. 301,
Victoria, Texas 77901-6576
bguy@vctx.org
(361) 575-0468
(361) 570-1041 (fax)
State Bar No. 24034895

Attorneys for the State of Texas

## ORAL ARGUMENT NOT REQUESTED

# TABLE OF CONTENTS

**PAGE (S)**

**TABLE OF CONTENTS** ..............................................................................ii

**INDEX OF AUTHORITIES**...............................................................iii-iv

**STATEMENT OF THE FACTS** ..........................................................1-2

**SUMMARY OF ARGUMENT**................................................................2-3

**ARGUMENT**...........................................................................................3-8

    **I.** **The State did not make any reference to Appellant**
      **not testifying in its opening argument** ....................................3-5

    **II.** **Appellant has waived any claim of error based on**
      **the prosecution's opening argument by failing to**
      **object at trial** ............................................................................5-8

**PRAYER** ..................................................................................................... 9

**SIGNATURE**.............................................................................................. 9

**CERTIFICATE OF COMPLIANCE** ..................................................... 10

**CERTIFICATE OF SERVICE** ............................................................... 11

# INDEX OF AUTHORITIES

## United States Supreme Court Cases

**Cockrell v. Texas,**
**520 U.S. 1173, 117 S.Ct. 1442, 137 L.Ed. 2d 548 (1997)** ........................ **6**

## Texas Cases

*Cockrell v. State,* **933 S.W. 2d 73 (Tex. Crim. App. 1996)** ...................... **6**

*Cruz v. State,* **225 S.W. 3d 546(Tex. Crim. App. 2007)** ......................... **4**

*Garcia v. State,* **887 S.W. 2d 862 (Tex. Crim. App. 1994)**...................... **6**

*Garza v. State,* **126 S.W. 3d 79 (Tex. Crim. App. 2004)** ......................... **7**

*Hammock v. State,* **46 S.W. 3d 889 (Tex. Crim. App. 2001)** ................... **6**

*Hollins v. State,* **805 S.W. 2d 475 (Tex. Crim. App. 1991)**..................... **7**

*Moore v. State,* **999 S.W. 2d 385 (Tex. Crim. App. 1999)** ....................... **6**

*Nowlin v. State,* **507 S.W. 2d 534 (Tex. Crim. App. 1974)** ..................... **4**

*Taylor v. State,* **947 S.W. 2d 698**
**(Tex. App.-Ft. Worth 1997, pet. ref'd)**..................................................... **4**

*Trevino v. State,* **174 S.W. 3d 925**
**(Tex. App.-Corpus Christi 2005, pet. ref'd)**........................................... **8**

## Texas Statutes

**TEX. CODE CRIM. PROC. art. 36.01 (West 2007)** ............................ **4**

## Texas Rules

**TEX. R. APP. 9.4**............................................................... **10**

**TEX. R. APP. 33.1**............................................................... **6**

IN THE COURT OF APPEALS
FOR THE THIRTEEN DISTRICT OF TEXAS
AT CORPUS CHRISTI

EUGENIO VALDEZ………..….……………………………………..Appelant

v.

THE STATE OF TEXAS,…..…………………………………...Appellee

\* \* \* \* \*

**STATE'S FIRST AMENDED BRIEF ON THE MERITS**

\* \* \* \* \*

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, THE STATE OF TEXAS**,** by and through her Criminal

District Attorney, Stephen B. Tyler, and as Appellee in the above numbered

and entitled cause, and files this the Appellee's brief showing:

**STATEMENT OF THE FACTS**

Appellant was indicted for the offense of aggravated assault on April

17, 2014. [RR-I-6]. Appellant's case was called for trial on November 3,

2014. [RR-III-1].

During the State's opening argument, the prosecutor stated that only

two of the three individuals involved in the incident at issue in the trial could

remember what happened. [RR-IV-12]. This statement did not draw any

objection from the defense. [RR-IV-12]. Further, on in the State's opening argument, the prosecutor described how the evidence would show that the defendant had told the police he did not remember what happened. [RR-IV-14]. This statement did not draw any objection from the defense. *Id.* Further, on in the opening argument the prosecutor then reiterated that the defendant could not articulate what happened on the night of the offense. [RR-IV-15]. This statement also did not draw any objection from the defense. *Id.*

During the case in chief, the State called Deputy Isaac Ramirez of the Victoria County Sheriff's Office to testify. [RR-IV-112]. Deputy Ramirez described making contact with the Appellant on the night of the offense. [RR-IV-117-119]. Deputy Ramirez also described questioning the Appellant about the events of that night, and the Appellant continuously telling him that he could not remember. [RR-IV-120].

The Appellant was found guilty of the charged offense. [RR-IV-203]. The Appellant was sentenced to 99 years imprisonment. [RR-V-67].

## SUMMARY OF THE ARGUMENT

The State did not make any reference to Appellant not testifying in its opening argument. The statement that Appellant now objects to was neither a direct nor implied comment on the Appellant not testifying. Rather the

statement was permissible opening statement as it was reference evidence that the State would present during its trial.

Furthermore, Appellant did not make any objection to the State's opening argument at trial. Accordingly, Appellant has waived any claim of error related to that argument. Nor is there any reason to change existing Texas law which requires a timely, specific objection in order to preserve appeal on claims of improper prosecutorial comments. The existing Texas law on that subject is a sensible standard that best balances the interest of efficient judicial administration with fairness to all parties and thus there is no reason to change that law.

## ARGUMENT

### I. The State did not make any reference to Appellant not testifying in its opening argument.

Appellant's sole claim of error is to allege that the State made a reference to his not testifying in the State's opening argument. This claim cannot be supported by the record. [RR-IV-12-16].

A prosecutorial comment amounts to an impermissible comment on a defendant's failure to testify only if, when viewed from the jury's standpoint, the comment is manifestly intended to be, or is of such character that a typical jury would naturally and necessarily take it to be a comment on

the defendant's failure to testify. *Cruz v. State,* 225 S.W. 3d 546, 548 (Tex. Crim. App. 2007). Moreover, it is not enough that the objected to language might be construed as an implied or indirect allusion to the defendant not testifying. See *Nowlin v. State,* 507 S.W. 2d 534, 536 (Tex. Crim. App. 1974). The objected to remark must either have necessarily referred to the defendant not testifying or at least called the jury's attention to the absence of evidence that only the testimony from the defendant could have provided. *Id.*

In the present case the State's opening argument made no reference to the defendant not testifying. [RR-II-12]. Nor did the objected to statement make reference to evidence that only the defendant could provide. *Id.* Instead the statement clearly referred to relevant evidence that was going to be provided by a State witness, Deputy Isaac Ramirez, who questioned the Appellant on the night of the offense and was told by the Appellant that he did not remember what happened. [RR-IV-14, 120]. Describing evidence that the State intends to offer at trial is perfectly proper opening argument. The State has a statutory right in opening argument to inform the jury of the facts which are expected to be proved by the State in support of its case. See TEX. CODE CRIM. PRO. art. 36.01(a)(3); *Taylor v. State,* 947 S.W. 2d 698, 706 (Tex. App.-Ft. Worth 1997, pet. ref'd). Nor is it improper for the

State to make the jury aware of what the Appellant told police on the night of the offense. Such evidence is obviously relevant and has nothing to do with whether the Appellant will ultimately decide to testify at trial. Nor can it even be logically inferred that just because a defendant told police that he did not remember what happened that that means he will not be testifying. (Even without memory of the actual night in question, a defendant could still be called upon to testify about other potentially relevant factors such as the defendant's own character or the character of or potential sources of bias in the State's witnesses, so informing the jury that the Appellant did not remember what happened does not even indirectly suggest that the Appellant would not be testifying.)

The State's opening argument did nothing but inform the jury of relevant facts that the State intended to prove (and in fact did later admit) at trial. Thus the argument was proper opening argument and there was no error.

## II. Appellant has waived any claim of error based on the prosecution's opening argument by failing to object at trial.

Furthermore, even if the State's opening argument was deemed to include some kind of reference to Appellant electing not to testify, the Appellant would still not be entitled to any relief because he failed to make

an objection at trial on this issue and thus has waived any claim for appellate review.

In order to preserve error for appellate review, the complaining party must present a timely and specific objection to the trial court, and obtain a ruling. TEX. R. APP. P. 33.1(a). This applies even to a claim that the prosecution impermissibly commented on a defendant's decision not to testify. See *Cockrell v. State,* 933 S.W. 2d 73, 89 (Tex. Crim. App. 1996)(holding that defendant waived appellate review of his claim that the prosecutor impermissibly commented on defendant's failure to testify by not objecting at trial), *cert. denied,* 520 U.S. 1173, 117 S.Ct. 1442, 137 L.Ed. 2d 548 (1997); *Garcia v. State,* 887 S.W. 2d 862, 877 (Tex. Crim. App. 1994)(holding that no error was preserved when the defendant failed to object to the State commenting on the defendant not testifying), *abrogated in part on other grounds by Hammock v. State,* 46 S.W. 3d 889, 892-893 (Tex. Crim. App. 2001). This is because in all but the most blatant instances, an instruction to disregard from the trial court will cure the damage from an improper comment on a defendant not testifying. See *Moore v. State,* 999 S.W. 2d 385, 405 (Tex. Crim. App. 1999). As such, since the defendant can cure any error from an improper prosecutorial comment by seeking relief from the trial court, it is the defendant's

responsibility to seek that relief at trial. If they fail to do so they waive any claim of error on that issue for appeal.

In the present case the Appellant did not make any sort of objection to the prosecutor's statement in opening argument about only two of the three people involved in the incident remembering what happened. [RR-IV-12]. Therefore Appellant has waived any claim of error on this issue.

Nor is there any compelling reason to change long standing Texas law on this issue. The requirement for timely, specific objections exists for very sensible reasons. The best way to insure an efficient, fair trial process for all parties is to resolve any errors at the lowest level of court possible. Timely objections are critical for this because they give the trial court the opportunity to cure any error that might have occurred. See *Hollins v. State,* 805 S.W. 2d 475, 376 (Tex. Crim. App. 1991). Additionally, raising objections at the trial level also gives the opposing party that opportunity to remove the objection themselves or perhaps find an alternate, non-objectionable way of introducing the evidence they hope to present. See *Garza v. State,* 126 S.W. 3d 79, 82 (Tex. Crim. App. 2004). Therefore it is only logical to require objections to be made at the trial level in order to preserve issues for appellate review. Nor is the process for preserving potential error unduly burdensome. All a party has to do is: 1) let the trial

court know what they want, 2) explain why they think they are entitled to that relief, and 3) explain what they want and why they deserve it with sufficient clarity for the judge to understand them at a time when the judge is in a proper position to do something about the issue. See *Trevino v. State,* 174 S.W. 3d 925, 927 (Tex. App.-Corpus Christi 2005, pet. ref'd). As such existing Texas law on this principle is sound and should be maintained, which means that Appellant has waived any error on this claim.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the State prays that this

Honorable Court affirm the judgment of the trial court.

.

**Respectfully submitted,**


**STEPHEN B. TYLER**
**CRIMINAL DISTRICT ATTORNEY**

**/s/ Brendan W. Guy**
**Brendan W. Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
E-mail: bguy@vctx.org
Telephone:  (361) 575-0468
 Facsimile: (361) 576-4139


**ATTORNEYS FOR THE APPELLEE,**
 **THE STATE OF TEXAS**

# CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I, Brendan Wyatt Guy, Assistant Criminal District Attorney, Victoria County, Texas, certify that the number of words in Appellee's First Amended Brief submitted on March 31, 2015, excluding those matters listed in Rule 9.4(i)(1) is 1,583.

**/s/ Brendan W. Guy**
**Brendan W. Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
E-mail: bguy@vctx.org
Telephone: (361) 575-0468
Facsimile: (361) 576-4139

# CERTIFICATE OF SERVICE

I, Brendan Wyatt Guy, Assistant Criminal District Attorney, Victoria County, Texas, certify that a copy of the foregoing first amended brief has been served on W. A. (Bill) White, P.O. Box 7422, Victoria, Texas, 77903, Attorney for the Appellant, Eugenio Valdez, by depositing same in the United States Mail, postage prepaid on the day of March 31, 2015.

**/s/ Brendan W. Guy**
**Brendan W. Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
E-mail: bguy@vctx.org
Telephone: (361) 575-0468
Facsimile: (361) 576-4139