tion to the testimony, no reversible error is shown.   Miller v. State, Tex.Cr.App., 310 S.W.2d 337.

The motion for rehearing is overruled.

Opinion Approved by the Court.

**Max Allen SASSIN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 30991.**

Court of Criminal Appeals of Texas.

Oct. 28, 1959.

Rehearing Denied Dec. 9, 1959.

Wm. F. Jackson, J. C. McEvoy, Hempstead, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is driving an automobile upon a public highway while intoxicated; the punishment, 8 days in jail and a fine of $50.

The record on appeal contains no statement of facts or bills of exception.   All proceedings appear to be regular and nothing is presented for review.   The judgment is affirmed.

On Motion for Rehearing

BELCHER, Commissioner.

Subsequent to the delivery of the original opinion in this case, a supplemental transcript containing three formal bills of exception not shown in the original transcript were forwarded to this court.

Appellant's bills of exception were filed by him with the clerk of the trial court within 90 days from the date he gave no-

tice of appeal; and said bills were qualified and ordered filed by the trial judge; and they bear an additional file mark by said clerk which is also within the 90 days after the date of notice of appeal.

Bill of exception number one was filed with the clerk of the trial court August 26, 1959, and bills number two and three were filed by him August 27, 1959. Thereafter the trial court qualified said bills and ordered them filed by the clerk of the trial court September 3, 1959. These filing dates were after the amendment of article 760d, Vernon's Ann.C.C.P., Acts 56 Leg., which became effective August 12, 1959.

Under the provisions of article 760d, supra as amended, there appears nothing in the record which prevents the consideration of said bills as qualified, or which authorizes this court to disregard the qualifications.

■ By bills of exception number one and two the appellant complains of jury argument. The trial court approved these bills with the qualifications that the argument complained of in bill number one was invited by the argument of defense counsel; and in bill number two that the argument of the state's attorney was supported by the testimony in the record. In connection with both bills it is also pointed out that no statement of facts accompanies the record, hence no error is shown. Carroll v. State, Tex.Cr.App., 310 S.W.2d 79.

■ In bill number three, error is urged because on the voir dire examination of the jury panel appellant challenged the prospective juror Pattison for cause when he said he thought the driving while intoxicated law was not "tough enough", and he next moved to discharge the entire jury panel because of the merriment shown by the panel when the prospective juror replied as above shown.

The qualification of said bill shows that the court from his questioning of said prospective juror Pattison found that he would give both the defendant and the state a fair and impartial trial, and that the reply of the prospective juror was not reasonably calculated to prejudice the other members of the panel. The bill further shows that Pattison did not serve as a juror on the case.

Neither bill shows error.

The motion for rehearing is overruled.

Opinion approved by the court.