Louis Joseph ALFANO, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–89–329–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 16, 1989.

Brian W. Wice, Houston, for appellant.

John D. Holmes, Jr., Dist. Atty., Jeannine Southwick, Asst. Dist. Atty., Houston, for appellee.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

Appellant, Louis Joseph Alfano, brings this appeal from his conviction for the offense of murder. The punishment, assessed by the jury, is confinement for life in the Texas Department of Corrections. By a single point of error, appellant argues that defense counsel was ineffective at trial. We affirm the trial court's judgment.

The State's evidence shows that Officer Hilden found appellant at home covered with blood. Appellant's mother, Janine Lawder Fudge, was found dead in a bedroom. Appellant told Hilden that he saw his mother holding a knife. She ran into the bedroom and they fought over the knife. He tried to grab the knife, but she stabbed herself. She had the knife stuck in her throat. She pulled out the knife and stabbed herself again. He told a similar story to others. Testimony showed that the victim was not suicidal.

Prior to Fudge's death, appellant talked about killing his mother. He also attempt-

ed to secure a weapon for this purpose. Dr. Jordan testified that based on the number, severity, distribution and location of Fudge's wounds, she died as a result of a homicide rather than a suicide. Blood stains on appellant's body indicate that someone with bloody hands tried to push him away.

Defense testimony indicated that three of the four witnesses who testified regarding appellant's intent to kill his mother and secure a weapon for this purpose, had bad reputations for truth and veracity. The defense also showed that appellant cried when he learned that his mother was dead.

By his sole point of error, appellant argues that defense counsel was ineffective at trial. He lists four specific instances which he alleges show this ineffectiveness: (1) counsel's failure to object to the State's improper comments during voir dire; (2) counsel's failure to adequately preserve error relating to venireperson Work's comments during voir dire; (3) counsel's failure to challenge venireperson Ducote for cause; and (4) counsel's ineptitude culminated in a "breakdown" of the adversarial system.

The proper standard by which we gauge the adequacy of representation by counsel at the guilt-innocence stage was stated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted in Texas in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986). The *Strickland* test requires a two-pronged analysis: (1) did the attorney's performance fail to constitute "reasonably effective assistance," i.e., did the defense attorney's representation fall below an objective standard of reasonableness under prevailing professional norms, and (2) if so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A "reasonable probability" was defined by the Supreme Court as "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

Appellant's first complaint involves a comment made by the State during voir dire. The State, while informing the panel about the degrees of homicide, remarked, "The Charge will be given to you by the Judge. If he gives you something, for example, negligent homicide, which is [sic] misdemeanor for the lesser offenses of murder, that doesn't mean he believes it's true, he believes that there's a question about it and you, the jury, are going to decide what the situation is." Appellant argues the State may not comment on the trial court's belief regarding a lesser included offense in the charge, and that defense counsel was ineffective for failing to object to this statement.

In Texas, the prosecution may voir dire the jury panel regarding lesser included offenses. *See Holloway v. State*, 691 S.W.2d 608, 612 (Tex.Crim.App.1984). Moreover, the prosecutor's statements concerning lesser included offenses do not reflect upon the trial court's beliefs. Even if the prosecutor's comments were error, and the defense counsel should have objected, no harm could have resulted because the jury did not receive an instruction pertaining to any lesser included offense.

Appellant's next complaint concerns counsel's failure to preserve error during voir dire. During voir dire, the State asked if any panel member had been charged with a crime, or if they had friends or relatives who had been charged with crimes. One venireperson, Betty Work, admitted having a relative who was released after being sentenced to life in prison. The State asked her if this incident would have an effect. She replied, "On the life sentence, yes, because it doesn't really mean anything." When the State finished its voir dire, counsel approached the bench out of the panel's presence and requested the panel be dismissed based on Work's comments. The trial court stated that it was denying counsel's request for a mistrial. Appellant complains counsel failed to either call Work to the bench, voice an objection, ask the trial court to instruct the panel to disregard Work's comments, or move for a mistrial.

We hold that a motion to disregard would not have been necessarily

pertinent in this case. An accused is not necessarily prejudiced by the comments or questions of a prospective juror made during voir dire examination. 27 Tex.Jur.3d, *Voir Dire Examination,* Sec. 4325 (1983). In order to be prejudicial, the venireperson's remarks must be reasonably calculated to prejudice other members of the panel. *Sassin v. State,* 329 S.W.2d 881, 882 (Tex. Crim.App.1959). In the instant case, Work stated that a life sentence does not really mean anything. Nevertheless, no claim is made, and the record in no manner reflects, that Work's comments were discussed in the jury room during deliberations. Even if defense counsel should have pursued one or more of the procedures suggested by appellant's counsel on appeal, no reasonable probability exists that defense counsel's conduct would have changed the outcome of the proceedings. Therefore, appellant's complaint fails to satisfy the second prong of the *Strickland* test.

■ Appellant also complains about counsel's failure to challenge venireperson Ducote for cause. During voir dire, counsel asked the panel members if they could consider probation in a murder case. Ducote indicated that he could not. The record indicates that counsel challenged three jurors for cause and exercised ten peremptories. Counsel used one of his peremptories on Ducote. Appellant argues that if counsel would have challenged Ducote for cause, he would have had an additional peremptory strike. However, appellant fails to show how an additional peremptory strike would have enhanced the complexion of the jury. He does not complain that an objectionable juror sat on the jury, or that the jury as a whole was objectionable. Therefore, even assuming that counsel's failure to challenge Ducote for cause indicates his performance was not reasonably effective, appellant has failed to demonstrate that, but for counsel's unprofessional error, the result of the proceeding would have been different.

Appellant also complains that counsel's ineptitude culminated in a "breakdown" in the adversarial system. Specifically, appellant argues that his complained of errors satisfy the *Strickland* test. We disagree. In our view, appellant has not met the first prong of *Strickland;* deficient performance on the part of counsel. Moreover, in light of the overwhelming evidence in the record of appellant's guilt, and recognizing the extent of appellant's complained of errors, there is no reasonable probability that the result of appellant's trial would have been different.

In *Ex parte Cruz,* 739 S.W.2d 53, 59 n. 1 (Tex.Crim.App.1987), the Court of Criminal Appeals held that the second prong of *Strickland* is not applicable to the punishment stage of a trial. The Court stated that the standard stated in *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Crim.App.1980), would be the standard on which the effectiveness of counsel would be judged. This is, "the sufficiency of an attorney's assistance is gauged by the totality of the representation of the accused." *Ex parte Cruz,* 739 S.W.2d at 58.

■ When reviewing the trial counsel's representation under *Duffy,* we must examine the "totality of the representation," which includes the pre-trial representation of the accused, the guilt-innocence stage of the trial and the punishment stage of the trial. *Ex parte Walker,* 777 S.W.2d 427 (Tex.Crim.App.1989). We conclude that appellant's representation during the trial, as it impacted the punishment stage of the trial, was "reasonably effective."

Counsel filed seven pre-trial motions, including a motion for probation. A pre-trial motion to suppress appellant's statement was tried before the court. Prior to this hearing, the State informed the court that counsel had looked at the State's file on at least two occasions and that counsel had gone over appellant's tests. During guilt-innocence, counsel cross-examined all but one of the State's witnesses. He called three witnesses in appellant's defense. At the punishment stage, he called appellant's stepfather as a witness.

Appellant failed to meet his burdens under *Strickland* and *Duffy.* We overrule

his sole point of error. The judgment of the trial court is AFFIRMED.