NUMBER 13-02-638-CR
                                        NUMBER 13-02-639-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

RODNEY S. MITCHELL,
                                                                                                     Appellant,

v.
 
THE STATE OF TEXAS, 
                                                                                                     Appellee.
                                                                                                                                      

On appeal from the 248th District Court of Harris County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Garza
 
Appellant, Rodney S. Mitchell, appeals from his conviction for two felony offenses. 
We affirm. 
Appellant waived his right to a jury trial and entered pleas of guilty to the felony
offenses of unauthorized use of a motor vehicle and failure to appear (“bail jumping”). 
Following a hearing on September 13, 2002, Judge Joan Campbell of the 248th Judicial
District Court of Harris County, Texas, found him guilty of both charges and, using a prior
felony conviction for enhancement, sentenced appellant to two years imprisonment for the
first charge and thirteen years imprisonment for the second charge, with the two sentences
to run concurrently. Appellant properly filed his notice of appeal within thirty days of
sentencing. The appeal was abated to allow the trial court to certify the case for appeal. 
The court’s certification that this is not a plea-bargain case and the defendant has the right
to appeal is now part of the record before this Court. Tex. R. App. P. 25.2(a). 
On April 9, 2003, appellant’s attorney filed a brief with this Court analyzing the
appellate record in accordance with Anders v. California, 386 U.S. 738, 744 (1967) and
asserting there was no basis for appeal. Counsel also filed a motion requesting permission
to withdraw from representation of appellant, certifying that she had informed appellant that
he has the right to review the appellate record, to file a pro se brief if desired, and to
request additional time from the Court to do so. Over thirty days have passed and no pro
se brief or request for additional time has been filed with this Court. Because this Court
only received counsel’s “frivolous appeal” brief and has no brief directly from appellant, we
must independently conduct a full examination of the record to determine whether the case
is indeed frivolous. Penson v. Ohio, 488 U.S. 75, 80 (1988); Garza v. State, 126 S.W.3d
312, 312 (Tex. App.–Corpus Christi 2004, no pet.). 
Counsel for appellant raised in her brief, as is required, issues that may arguably
support appellant’s appeal. Anders, 386 U.S. at 744; Williams v. State, 976 S.W.2d 871,
872 (Tex. App.–Corpus Christi 1998, no pet.). Counsel noted that a conviction for failure
to appear when the underlying felony charge was dismissed may raise a fairness issue,
that the pre-sentence investigation (PSI) report was statutorily defective, and that trial
counsel may not have provided effective assistance. We will address each issue in turn. 
          Appellant was convicted of failure to appear at a trial in which he was being charged
with robbery. The robbery charge was later dismissed. However, a conviction for the
offense of failure to appear does not require that there be an underlying felony or felony
conviction. See Tex. Pen. Code Ann. § 38.10(a) (Vernon 2003). As noted by the Dallas
Court of Appeals, “[T]he gravamen of the offense of failing to appear for a felony offense
is the failure to appear . . . [W]hether the underlying felony offense is ever proven is
immaterial.” Small v. State, 692 S.W.2d 536, 540 (Tex. App.–Dallas 1985, pet. ref’d)
(emphasis in original). Therefore, there was no fairness or due process issue raised by
appellant’s conviction for failure to appear without a correlated conviction for the underlying
felony.
The second possible appellate issue concerns the PSI report. Appellant waived his
right to have a PSI report prepared; however, the judge ordered the report prepared on her
own initiative. The PSI report failed to meet the requirements of the code of criminal
procedure in that it did not contain a proposed client supervision plan describing programs
and sanctions that the community supervision and corrections department would provide
if the judge suspended the sentence or granted deferred adjudication. Tex. Code Crim.
Pro. Ann. art. 42.12, § 9(a) (Vernon Supp. 2004). It is error for the trial court to accept a
PSI report which does not meet all the mandatory statutory provisions. See Calcote v.
State, 931 S.W.2d 668, 670 (Tex. App.–Houston [1st Dist.] 1996, no pet.). However,
appellant failed to object to the deficiencies in the PSI report, and thus did not preserve this
error for appeal. Tex. R. App. P. 33.1. Even though the statute is mandatory in its
language, the right to a complete PSI may be waived by a failure to object. See Smith v.
State, 91 S.W.3d 407, 410 (Tex. App.–Texarkana 2002, no pet.). Thus, appellant has no
basis to appeal this issue.
The third issue concerns trial counsel’s adequacy of representation. The record
demonstrates that appellant’s trial counsel failed to object to the incomplete PSI report and
did not request or file a motion for probation. This Court uses the two-pronged Strickland
v. Washington, 466 U.S. 668, 687 (1984) test to determine whether representation was so
inadequate that it violated a defendant’s Sixth Amendment right to counsel. See Alfano
v. State, 780 S.W.2d 494, 495 (Tex. App.–Corpus Christi 1989, no pet.); see also
Hernandez v. State, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). To establish
ineffective assistance of counsel, appellant must show: (1) his attorney’s representation
fell below an objective standard of reasonableness; and (2) there is a reasonable
probability that, but for his attorney’s errors, the result of the proceeding would have been
different. Strickland, 466 U.S. at 687; see also Hernandez v. State, 726 S.W.2d 53, 55-7
(Tex. Crim. App. 1986) (adopting the Strickland test in non-capital cases). A “reasonable
probability” is one that would undermine confidence in the outcome. Strickland, 466 U.S.
at 694; Alfano, 780 S.W.2d at 495. 
Appellant is unable to satisfy the second prong of this test. The information that was
not included in the PSI report was general information about punishment options that
would have been familiar to the trial judge regardless of its exclusion from the PSI report. 
Also, given the nature of the major offense, i.e., bail jumping, it is highly unlikely that
probation would have been granted by the judge had counsel so requested. Thus, these
alleged errors cannot be said to be firmly founded or affirmatively demonstrative of
counsel’s ineffectiveness, as they were unlikely to change the course of the proceedings. 
          After reviewing the remainder of the record in accordance with Penson, 488 U.S.
at 80, we are unable to identify any additional grounds for appeal. We therefore conclude
that appellant’s appeal in this case is wholly frivolous and affirm the judgment of the trial
court.  
                                                                                     _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Do not publish.
Tex.R.App.P. 47.2(b)
Opinion delivered and filed 
this the 29th day of April, 2004.