NUMBER 13-05-567-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

FRANCISCO PEREZ,                                                                      Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 105th District
Court of Kleberg County, Texas.

 

MEMORANDUM OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Garza

 

Appellant, Francisco Perez, was convicted by a jury
of attempted capital murder, sentenced to 60 years= imprisonment, and assessed a $10,000 fine.  See Tex.
Pen. Code Ann. '' 15.01 (a) (Vernon 2003), 19.03(a)(7)(A) (Vernon
Supp. 2005).  In a single issue,
appellant argues that he was denied effective assistance of counsel.  For the reasons that follow, we affirm the
conviction.








I. Standard of Review

This Court uses the two‑pronged Strickland test
to determine whether representation was so inadequate that it violated a
defendant's Sixth Amendment right to counsel. 
See Strickland v. Washington, 466 U.S. 668, 684 (1984); Hernandez
v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); Alfano v. State,
780 S.W.2d 494, 495 (Tex. App.BCorpus Christi 1989, no pet.).  To establish ineffective assistance of
counsel, appellant must show (1) his attorney's representation fell below an
objective standard of reasonableness, and (2) there is a reasonable probability
that, but for his attorney's errors, the result of the proceeding would have
been different.  Strickland, 466
U.S. at 687; Hernandez, 726 S.W.2d at 55.  Whether this test has been met is to be
judged on appeal by the totality of the representation, not by isolated acts or
omissions.  Rodriguez v. State,
899 S.W.2d 658, 665 (Tex. Crim. App. 1995).   

The burden is on appellant to prove ineffective
assistance of counsel by a preponderance of the evidence.  Munoz v. State, 24 S.W.3d 427, 434
(Tex. App.BCorpus Christi 2000, no pet.).  Our review of counsel's representation is
highly deferential; appellant must overcome the strong presumption that
counsel's conduct fell within the wide range of reasonable professional
assistance.  See Strickland, 466
U.S. at 689; Munoz, 24 S.W.3d at 434. 
AIn the majority of cases, the record on direct
appeal is undeveloped and cannot adequately reflect the motives behind trial
counsel's actions.@  Mallett
v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  An allegation of ineffective assistance of
counsel will only be sustained if it is firmly founded and the record
affirmatively demonstrates counsel's alleged ineffectiveness.  Guzman v. State, 923 S.W.2d 792, 797
(Tex. App.BCorpus Christi 1996, no pet.). 








II.  Ineffective Assistance of Counsel

In his sole issue, appellant argues he was provided
ineffective assistance of counsel because his trial counsel (1) failed to file
a verified motion to transfer venue, (2) failed to secure a ruling on the
motion to transfer,[1]
(3) failed to introduce appellant=s mental health records at the hearing on the motion
to suppress and at the punishment phase of trial,[2]
and (4) failed to hire a psychiatrist to assist him during the hearing on the
motion to suppress appellant=s confession and during the punishment phase of
trial.[3]








Even assuming, arguendo, that trial counsel=s representation fell below an objective standard of
reasonableness, appellant has not alleged or developed any argument as to how
the outcome of his trial would have been different had his lawyer filed an
adequate motion to transfer venue, introduced his mental health records, and
hired an expert witness to assist in his defense.  Appellant states only that Atrial counsel=s representation, taken in its totality, fell far
below the standard of reasonable, legal representation,@ and Athe legal work that was not performed for the
appellant, causes any reasonable person to have serious doubts regarding the
fairness of the appellant=s trial@ and Aregarding the fairness of punishment.@  Appellant
has not shown how trial counsel's failure, if any, to perform the complained-of
legal work undermines confidence in the outcome of his trial.  See Tex.
R. App. P. 38.1(h), 44.2(a); see also Strickland, 466 U.S. at 693.  Appellant=s
issue is overruled. 

We affirm the trial court=s judgment.  

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 18th day of May, 2006.











[1] With respect to appellant=s first and second arguments on
appeal, the record reflects that appellant=s trial counsel filed a motion to transfer venue, but
failed to include the affidavit as required by article 31.03 of the code of
criminal procedure.  See Tex. Code Crim. Proc. Ann. art. 31.03
(Vernon 1989).  However, the record also
reflects that appellant=s trial counsel abandoned the
motion to transfer venue.  The record
further reflects that the State urged its own motion to transfer venue.  

When the record is
silent regarding the motivation of counsel's tactical decisions, the defendant
cannot overcome the strong presumption that counsel acted reasonably.  See Mallett v. State, 65 S.W.3d 59, 62‑63
(Tex. Crim. App. 2001); see also Ortiz v. State, 93 S.W.3d 79, 88‑89
(Tex. Crim. App. 2002) (en banc) ("If counsel's reasons for his conduct do
not appear in the record and there is at least the possibility that the conduct
could have been legitimate trial strategy, we will defer to counsel's decisions
and deny relief on an ineffective assistance claim on direct appeal."). 





[2] With respect to appellant=s third argument on appeal, the
record reflects that the substance of the 
records appellant complains should have been introduced (that appellant
had an eighth grade education, had been a patient at the center for Mental
Health and Mental Retardation in the past and had been prescribed medication by
the doctors at the center) was admitted via appellant=s own testimony and the testimony
of his mother at the hearing on the motion to suppress, at the guilt-innocence
phase, at the punishment phase of trial, and at the hearing on appellant=s motion for new trial. 





[3] 
In particular, appellant argues that his trial counsel should have
offered expert testimony to assist the jury in determining the voluntariness of
his confession and to assist during the punishment phase of trial.  Generally,
trial counsel's failure to call witnesses is irrelevant unless appellant shows
that such witnesses were available and would have provided beneficial
testimony.  See King v. State, 649
S.W.2d 42, 44 (Tex. Crim. App. 1983); Parmer v. State, 38 S.W.3d 661,
668 (Tex. App.BAustin 2000, pet. ref'd).  When an appellant complains of trial
counsel's  failure to call an expert
witness, he must show that the expert would have testified in a manner
beneficial to him.  See Cate v. State,
124 S.W.3d 922, 928 (Tex. App.BAmarillo 2004, pet. ref'd); McCain v. State, 995
S.W.2d 229, 246 (Tex. App.BHouston [1st Dist.] 1999, no pet.).  Nothing in this record shows that any expert
would have been willing to testify as appellant desired.  Although we can assume, given appellant=s treatment at the MHMR center,
that such testimony may exist, it is mere speculation whether or not such a
mitigation expert existed or whether there was testimony that would have
benefitted appellant.  We will not engage
in such speculation.  The record does not
substantiate appellant's claim that he received ineffective assistance of
counsel with regard to the issue of the expert.