NUMBER 13-05-522-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






DANIEL GARZA RODRIGUEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 206th District Court


of Hidalgo County, Texas.






MEMORANDUM OPINION


 

Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Rodriguez


 Appellant, Daniel Garza Rodriguez, was charged with aggravated sexual assault
of a child and indecency with a child, both felony offenses. See Tex. Pen. Code Ann.
§§ 21.11, 22.021 (Vernon 2003). A jury found appellant guilty of the offense of
indecency with a child but not guilty of the offense of aggravated sexual assault. 
Punishment was assessed at confinement for eight years in the Texas Department of
Criminal Justice-Institutional Division. By eight issues, appellant generally complains
of the following: (1) charge error; (2) ineffective assistance of counsel; and (3)
factually insufficient evidence to convict him. We affirm.

I. Background

 In May 2004, appellant's girlfriend spoke with Investigator José Elizondo about
allegations of possible sexual abuse of her four-year-old daughter, S.C., by appellant
based on events that had occurred seven months prior. (1) After Investigator Elizondo
took the mother's statement, the victim was interviewed by Rosie Mendoza, a child
forensic interviewer. During the interview, the victim indicated that her "daddy,"
appellant, had touched her "in the middle" with his finger. Investigator Elizondo
watched the interview in another room via closed-circuit television. Shortly afterward,
Lorenza Guerrero, a sexual assault nurse examiner employed by McAllen Medical
Center, examined and interviewed the victim. Guerrero found no physical evidence of
abuse but did not expect to, since the incident in question occurred months before. 
In addition, based on an investigation into the allegations, Maria Guillen, a case worker
for the Texas Department of Family and Protective Services, found that there was
reason to believe appellant had sexually abused the victim. Appellant was called to
the police station and arrested there. Following a jury trial, appellant was convicted
of indecency with a child and acquitted of aggravated sexual assault. This appeal
followed.

II. Charge Error

 By his first and seventh issues, appellant complains of jury charge error in the
guilt/innocence phase of trial and in the punishment phase of trial. 

A. Standard of Review

 When we review any alleged charge error, we first determine whether error
actually exists in the charge. See Ovalle v. State, 13 S.W.3d 774, 786 (Tex. Crim.
App. 2000) (per curiam); Mann v. State, 964 S.W.2d 639, 641 (Tex. Crim. App.
1998); Castaneda v. State, 28 S.W.3d 685, 694 (Tex. App.-Corpus Christi 2000, no
pet.). If we determine that the jury charge does contain error, we then determine
whether any resulting harm requires reversal. See Ovalle, 13 S.W.3d at 786; Mann,
964 S.W.2d at 641; Castaneda, 28 S.W.3d at 694.

B. Jury Unanimity

 By his first issue, appellant contends that the jury charge in the guilt/innocence
phase of trial contained egregious error because it deprived him of his constitutional
right to a unanimous jury verdict. (2) We disagree.

 Pursuant to the Texas Constitution, jury unanimity is required in all felony cases.
Tex. Const. art. V, § 13; Ngo v. State, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005)
(en banc). In addition, jury unanimity is required in all criminal cases by statute. Tex.
Code Crim. Proc. Ann. arts. 36.29(a), 37.02 (Vernon 1981 & Supp. 2006); 37.03
(Vernon 1981); 45.034-.036 (Vernon 1979 & Supp. 2006); Ngo, 175 S.W.3d at 745. 
Requiring unanimity helps effectuate the "beyond a reasonable doubt" standard of
proof. United States v. Gipson, 553 F.2d 453, 457 n.7 (5th Cir. 1977); Ngo, 175
S.W.3d at 745 n. 23. 

 Relying on Ngo v. State and Francis v. State, appellant appears to assert that
he was deprived of his constitutional right to a unanimous verdict because the jury
was allegedly charged in the disjunctive, and thereby, permitted to convict him based
on any number of alleged acts. See Ngo, 175 S.W.3d at 744; see also Francis v.
State, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000) (op. on reh'g) (en banc). In both
Ngo and Francis, the jury was charged in the disjunctive. See generally Ngo, 175
S.W.3d 738; Francis, 36 S.W.3d 121. In Ngo, the jury was allowed to convict the
defendant of one count of credit card abuse if it found that the defendant committed
any one of three charged criminal acts, which occurred at three different times, and
in three different ways. Ngo, 175 S.W.3d at 744. The court of criminal appeals
concluded that the trial court erred in failing to instruct the jury that it must be
unanimous in deciding which one or more of the three disjunctively submitted offenses
it found appellant committed. Id. at 749. In Francis, the jury was permitted to find
appellant guilty of indecency with a child if it found that the defendant had engaged
in sexual contact by touching "the breast or genitals of [the] victim." Francis, 36
S.W.3d at 122. The court of criminal appeals concluded that submission of two
separate offenses in the disjunctive was error because it was conceivable that some
members of the jury convicted the defendant on the breast-touching offense while
other members of the jury convicted him on the genital-touching offense. Id. at 125.

 Here, the jury charge on the first count read as follows, in relevant part:

 Now if you find from the evidence beyond a reasonable doubt that on or
about OCTOBER 31, 2003 . . . the Defendant, DANIEL RODRIGUEZ, did
then and there intentionally or knowingly cause his mouth to contact the
sexual organ of . . . the victim, a child younger than 14 years of age,
then you will find the Defendant guilty of the offense of AGGRAVATED
SEXUAL ASSAULT, as charged in the indictment.


In addition, the jury charge on the second count read in pertinent part as follows:

 Now if you find from the evidence beyond a reasonable doubt that on or
about OCTOBER 31, 2003 . . . the Defendant, DANIEL RODRIGUEZ, did
then and there engage in sexual contact with . . . the victim, a child
younger than 17 years and not the spouse of the Defendant, by then and
there touching part of the genitals of the victim . . . with intent to arouse
or gratify the sexual desire of the Defendant, then you will find the
Defendant guilty of the offense of Indecency With A Child as charged in
the indictment.


 Thus, unlike Ngo and Francis, the jury in this case was not charged in the
disjunctive. See Bottenfield v. State, 77 S.W.3d 349, 359 (Tex. App.-Fort Worth
2002, pet. ref'd). Instead, the jury charge contained two separate counts, each
relating to a separate and distinct offense. See id. Therefore, no charge error existed
on this basis. Appellant's reliance on Ngo and Francis is misplaced. See id. 

 Moreover, the jury charge relating to each count did contain an instruction that
the verdict must be unanimous. See Tex. Const. art. V, § 13; Ngo, 175 S.W.3d at
745. Specifically, the jury charge for each count read as follows, in relevant part:

 When you retire to the jury room, you should first select one of your
members as Presiding Juror. It is the Presiding Juror's duty to preside at
your deliberations, vote with you, and when you have unanimously
agreed on a verdict, to certify to your verdict by using the appropriate
form attached thereto, and signing the same as Presiding Juror.


 . . . . 


Your verdict must be unanimous, and after you have reached a
unanimous verdict, the Presiding Juror will certify thereto by signing the
appropriate form attached to this charge. (Emphasis added.)


 Because the jury was in fact instructed that the verdict as to each count must
be unanimous, see Tex. Const. art. V, § 13; Ngo, 175 S.W.3d at 745, we conclude
that the jury charge did not contain error as alleged by appellant. Therefore, we need
not conduct a harm analysis. See Ovalle, 13 S.W.3d at 786; Mann, 964 S.W.2d at
641; Castaneda, 28 S.W.3d at 694. Thus, we overrule appellant's first issue.

C. Extraneous Offenses or Bad Acts

 Through his seventh issue, appellant asserts that the trial court erred by failing
to include a reasonable doubt instruction in the jury charge in the punishment phase
of trial relating to extraneous offenses or bad acts. In addition, appellant asserts that
the alleged error caused him egregious harm. We disagree. 

 The Texas Code of Criminal Procedure requires a trial court, sua sponte, to
instruct a jury during the punishment phase of trial that extraneous or bad act evidence
may be considered only if the jury is satisfied beyond a reasonable doubt that the
defendant committed said acts. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)
(Vernon Supp. 2006); see also Ellison v. State, 86 S.W.3d 226, 228 (Tex. Crim. App.
2002); Huizar v. State, 12 S.W.3d 479, 483-84 (Tex. Crim. App. 2000) (op. on
reh'g). A trial court's failure to give the reasonable doubt instruction when required
to do so is error. Ellison, 86 S.W.3d at 228.

 Because the trial court did not issue a reasonable doubt instruction regarding the
extraneous or bad act evidence at issue during the punishment phase of the trial, we
conclude that the trial court erred. See id. Therefore, we must conduct a harm
analysis to determine if the error is reversible error. See Ovalle, 13 S.W.3d at 786;
Mann, 964 S.W.2d at 641; Castaneda, 28 S.W.3d at 694. However, because
appellant failed to object to the charge error, we may only reverse the judgment of the
trial court if appellant suffered egregious harm. See Ovalle, 13 S.W.3d at 786;
Escobar v. State, 28 S.W.3d 767, 777 (Tex. App.-Corpus Christi 2000, pet. ref'd). 
Pursuant to Almanza v. State, we examine the degree of harm in light of the entire jury
charge, the state of the evidence, the arguments of counsel, and all other relevant
information revealed by the trial record as a whole. See Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984). 

 During the punishment phase of trial, the State generally re-offered all the
evidence that it had offered during the guilt/innocence phase, which included the
extraneous or bad act evidence at issue; the State did not specifically identify each
piece of evidence that it was re-offering. In addition, although the State introduced
witness testimony during the punishment phase, the testimony did not relate to the
extraneous or bad act evidence at issue. Furthermore, the State did not refer to the
extraneous or bad act evidence during its argument. Finally, the charge instructed the
jury that appellant could be sentenced to imprisonment for a term of not more than
twenty years and not less than two years, in addition to a fine up to $10,000, for the
offense of indecency with a child. The jury assessed punishment at eight years'
confinement out of the possible twenty years. Accordingly, we conclude that the error
of the trial court did not cause appellant to suffer egregious harm. See id.; see also
Ovalle, 13 S.W.3d at 786; Escobar, 28 S.W.3d at 777.

 Thus, we overrule appellant's seventh issue.

III. Ineffective Assistance of Counsel

 By his second, third, fourth, fifth, and sixth issues, appellant contends that his
trial counsel provided ineffective assistance. Specifically, appellant contends his trial
counsel was ineffective by (1) failing to ensure that an extraneous offense instruction
was included in the jury charge, (2) failing to request that the State elect the alleged
incident upon which it was relying for a unanimous verdict, (3) failing to object to
testimony regarding the truthfulness of the complaint, (4) failing to object to the
State's alleged extinguishment of appellant's constitutional right to be presumed
innocent, and (5) allowing a juror who admitted to being biased against appellant to
participate on the jury.

 This Court uses the two-pronged Strickland test to determine whether
representation was so inadequate that it violated a defendant's Sixth Amendment right
to counsel. See Strickland v. Washington, 466 U.S. 668, 684 (1984); Hernandez v.
State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (en banc); Alfano v. State, 780
S.W.2d 494, 495 (Tex. App.-Corpus Christi 1989, no pet.). To establish ineffective
assistance of counsel, appellant must show that (1) his trial attorney's representation
fell below an objective standard of reasonableness, and (2) there is a reasonable
probability that, but for his attorney's errors, the result of the proceeding would have
been different. Strickland, 466 U.S. at 687; Hernandez, 726 S.W.2d at 55. Whether
or not this test has been met is to be judged on appeal by the totality of the
representation, not by isolated acts or omissions. Rodriguez v. State, 899 S.W.2d
658, 665 (Tex. Crim. App. 1995).

 "In the majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel's actions." Mallett v. State, 65
S.W.3d 59, 63 (Tex. Crim. App. 2001). Nevertheless, an allegation of ineffective
assistance of counsel will only be sustained if it is firmly founded and the record
affirmatively demonstrates counsel's alleged ineffectiveness. Guzman v. State, 923
S.W.2d 792, 797 (Tex. App.-Corpus Christi 1996, no pet.). When the record is silent
regarding the motivation of counsel's tactical or strategic decisions, there is a strong
presumption that counsel acted reasonably. Mallett, 65 S.W.3d at 62-63; see Ortiz
v. State, 93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002) (en banc). We will not
conclude that the conduct was deficient unless the conduct was so outrageous that
no competent attorney would have engaged in it. Garcia v. Garcia, 57 S.W.3d 436,
440 (Tex. Crim. App. 2001).

 Here, the record does not show trial counsel's reasoning behind the challenged
conduct. See Mallett, 65 S.W.3d at 62-63; Ortiz, 93 S.W.3d at 88-89. Because
appellant's assertions of ineffective assistance are not firmly founded in the record,
and the record does not affirmatively demonstrate the alleged ineffectiveness, see
Mallett, 65 S.W.3d at 62-63; Ortiz, 93 S.W.3d at 88-89, we cannot say that trial
counsel's performance failed to constitute reasonably effective assistance by falling
below an objective standard of reasonableness. See Strickland, 466 U.S. at 687;
Hernandez, 726 S.W.2d at 55. Therefore, appellant has failed to satisfy the first
prong of the Strickland test, and we need not consider the second prong. See
Strickland, 466 U.S. at 687. We overrule appellant's second, third, fourth, fifth, and
sixth issues.

IV. Factual Sufficiency

 By his eighth issue, appellant contends that the evidence offered by the State
at trial was factually insufficient to support his conviction. (3) We disagree.

A. Standard of Review

 In reviewing the factual sufficiency of the evidence, we view the evidence in a
neutral light. Drichas v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005) (en
banc) (citing Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996)). There
are two ways in which a court may find the evidence to be factually insufficient: (1)
the evidence supporting the finding, considered alone, is too weak to support the jury's
finding beyond a reasonable doubt; or (2) the contravening evidence is so strong that
the State could not have met its burden of proof. Id. (citing Zuniga v. State, 144
S.W.3d 477, 484-85 (Tex. Crim. App. 2004)). We measure the factual sufficiency
of the evidence in a jury trial by the elements of the offense as defined by a
hypothetically correct jury charge. See Adi v. State, 94 S.W.3d 124, 131 (Tex.
App.-Corpus Christi 2002, pet. ref'd) (citing Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997)). 

 The jury is the sole judge of the facts, the credibility of the witnesses, and the
weight to be given the evidence. Beckham v. State, 29 S.W.3d 148, 152 (Tex.
App.-Houston [14th Dist.] 2000, pet. ref'd). Therefore, the jury may believe all or
part of any witness's testimony. Margraves v. State, 34 S.W.3d 912, 919 (Tex.
Crim. App. 2000) (en banc). Reconciliation of any conflicts in the evidence falls within
the exclusive province of the jury. Id. In conducting this review, the Court does not
engage in a second evaluation of the weight and credibility of the evidence, but only
ensures that the jury reached a rational decision. Muniz v. State, 851 S.W.2d 238,
246 (Tex. Crim. App. 1993) (en banc). If there is evidence that establishes guilt
beyond a reasonable doubt, and the trier of fact believes that evidence, the appellate
court does not sit as a thirteenth juror in reassessing the evidence. See Moreno v.
State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988) (en banc).


B. Analysis

 In order to prove that appellant committed the offense of indecency with a child
under section 21.11(a) of the Texas Penal Code, the State had to prove that appellant 
engaged in sexual contact with the minor victim, with intent to arouse or gratify the
sexual desire of appellant. See Tex. Pen. Code Ann. § 21.11 (Vernon 2003). Among
other things, "sexual contact" within this section means touching the genitals of a
child with the aforementioned intent. Id. § 21.11(c).

 At trial, the victim testified that appellant had "touched [her] in the middle" with
his finger one time while in her mother's room. As the State's outcry witness, the
victim's mother testified that the victim had asked her the day after the offense
allegedly occurred "why had her daddy touched her where he was not supposed to." 
The victim's mother further testified that the victim had told her that her father had
touched her "where he was not supposed to and that he had pinched her and . . . that
it hurt."

 In addition, caseworker Guillen testified that there was reason to believe that
the alleged sexual abuse of the victim by appellant did occur. Nurse Guerrero testified
that while she was obtaining a history from the victim's mother relating to the victim,
the mother stated that she had caught appellant fondling the victim and that the victim
had told her that appellant had been touching her. In addition, Guerrero testified that
during the examination of the victim, the victim stated the following: "sometimes
[appellant] puts his finger on the mouth and pinches [the victim] to [sic] the mouth";
"[appellant] kisses [the victim] on the mouth with his tongue"; "[appellant] touches
[the victim] here," indicating the chest area; "[appellant] touches me here and . . .
pinches me with his nail," indicating the anal area; "sometimes [appellant] puts his
hand under my panties"; and "[appellant] sometimes touches me here with his hand
and with his mouth he puts his tongue in here," indicating the genital area. Guerrero
further testified that after examining the victim, she found no vaginal injury to the
victim; however, she also testified that she would not have expected to find any such
injury because the offense in question had occurred seven months before her
examination, and all potential injuries would have healed by then.

 Finally, the State read into evidence the transcription of the victim's interview
with Rosie Mendoza of the Child Advocacy Center. During the interview, the victim
stated that appellant had "touched [her] where he wasn't supposed to," in the
"middle" and that appellant had "pinched" her in the "middle." At first, the victim
stated that the incident occurred in her mother's room while they were asleep; later
in the interview, she stated that her mother had been cooking when the incident
occurred and that her brother had seen appellant touch her. She further testified that
this had occurred only one time.

 Although appellant asserts that there are inconsistencies between the victim's
testimony at trial and the victim's statements in the recorded interview with Mendoza,
it was in the jury's province to resolve any such conflicts and to determine the weight
to give said evidence. See Margraves, 34 S.W.3d at 919; see also Beckham, 29
S.W.3d at 152.

 Therefore, based on the record evidence and viewing the evidence in a neutral
light, as measured against a hypothetically correct jury charge, we conclude the
evidence supporting the finding that appellant touched the minor victim with intent to
arouse or gratify the sexual desire of appellant, see Tex. Pen. Code Ann. § 21.11, is
not too weak to support the jury's finding of guilt beyond a reasonable doubt and that
the contravening evidence is not so strong that the State could not have met its
burden of proof. See Drichas, 175 S.W.3d at 799 (citing Zuniga, 144 S.W.3d at 484-85). Thus, we conclude the evidence is factually sufficient to support the jury's
finding that appellant committed the offense of indecency with a child. We overrule
appellant's eighth issue.

V. Conclusion

 Accordingly, we affirm the judgment of the trial court.


 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 17th day of August, 2006.
1. The victim's mother claimed that on October 31, 2003, she observed appellant's mouth on the
victim's genital area. The victim's mother also claimed that she witnessed appellant inappropriately
touching and holding her daughter at various other times during the weeks surrounding the night in
question.
2. To the extent that appellant asserts, as sub-issues, that (1) there was error in the jury charge
because it failed to contain an extraneous offense instruction, (2) both the indictment and jury charge
were defective because they contained "on or about" language which could presumably mislead the jury,
and (3) the trial court erred in failing to require the State to elect which incident it was relying upon for
conviction, we conclude the briefing is inadequate. See Tex. R. App. P. 38.1(h) (providing that
appellant's brief must contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record). Therefore, said sub-issues are not before us.
3. To the extent that appellant asserts, as a sub-issue, that the evidence is factually insufficient
because there "was no election or an instruction informing the jury on the concept/existence of
extraneous offenses," we conclude the briefing is inadequate. See Tex. R. App. P. 38.1(h). Therefore,
such a contention is not before us.